RANDALL, Respondent, vs. LINK, Appellant.

*December 17, 1907—January 8, 1908.*

**Pleading: Counterclaim sounding in tort in action on contract: Waiver of objection: Amendment.**

1. In an action on a promissory note defendant counterclaimed, setting out a good cause of action sounding in tort. No objection in that regard was taken by demurrer or in the reply, or at all, until after verdict. *Held*, that thereby plaintiff waived objection that the counterclaim was not pleadable in the action.
2. In such case, the jury having found in defendant's favor on the cause of action set out in the counterclaim and in plaintiff's favor on the cause of action set out in the complaint, the defendant's motion for judgment for the excess of the amount of damages assessed in his favor over the amount found due on the note should have been granted.

[3. Where, in an action on a contract, the defendant sets out in a
counterclaim a cause of action sounding in tort, want of knowl-
edge of facts showing that the counterclaim is not pleadable in
the action in time to set them forth in the reply in the first
instance *seems* to be good ground for allowing an amendment
upon the facts being disclosed, if seasonable application be
made.].

APPEAL from a judgment of the circuit court for Wash-
burn county: A. J. VINJE, Circuit Judge. *Reversed.*

Plaintiff declared on a promissory note and there was
found due thereon $207.30. Defendant counterclaimed to
the effect that the note was given plaintiff in part payment for
an interest he claimed to have in certain land in Washburn
county, Wisconsin, for which, by reason of wilful false rep-
resentations by plaintiff as to the character thereof and the
improvements thereon, defendant agreed to pay him $500,
and consummated such agreement by giving the note in,
question and paying the balance; that when he entered into
the transaction and consummated it he had not seen the land
and relied wholly on the representations of the plaintiff, who,
to induce him to enter into such transaction, knowingly
falsely pretended he had paid another person, who settled
upon the land while a part of the public domain, $500 for
a relinquishment of his right and owned the same; that there
was a large amount of valuable timber and improvements
thereon, and that his interest was worth $500, whereas the
improvements were not worth to exceed $50, and he had no
interest whatever in the property. Defendant demanded a
cancellation of the note as having been given without consid-
eration, and judgment for damages to the extent of $300.
Plaintiff replied by a general denial.

There was a controversy on the evidence as to whether
the note was given as a part of the land transaction. The
jury found specially that the note was not given in part con-
sideration for the purchase price of plaintiff's pretended in-
terest in the land; that plaintiff in the land transaction made

false representations in respect to the property; that defendant relied thereon in purchasing plaintiff's pretended interest therein, and was thereby damaged to the extent of $300.

Plaintiff, by his counsel, after verdict raised the question for the first time that defendant's demand was not a proper counterclaim to the note because it was one sounding in tort, and neither arose out of nor was connected with the same transaction as the one in which the note was given. The court sustained plaintiff therein and rendered judgment in his favor for the amount due upon the note, denying defendant's motion for judgment for the difference between such amount and the amount of damages assessed in his favor.

The case was submitted for the appellant on the brief of *A. L. Bugbee,* and for the respondent on that of *L. H. Mead.*

MARSHALL, J.  Appellant's counsel maintains that judgment should have been rendered in appellant's favor upon the ground that the cause of action set forth in the counterclaim was on contract, but if the demand was one sounding in tort and was not connected in any way with the transaction in which the note was given and so was not pleadable upon the ground of respondent being a nonresident, the objection in that regard was waived by failure to raise the question by demurrer or reply, or at all, till after verdict.

As we view the case it may be conceded for the purposes of the appeal that the trial court construed the counterclaim correctly as to its being on a demand sounding in tort. The statute clearly rules the situation in appellant's favor. There is no need to refer to case law in respect to the matter.

There is no controversy but that the counterclaim stated a good cause of action. If it were not pleadable in the action, the facts in that regard appearing by the answer, the proper course would have been to demur on that precise ground. Subd. 6, sec. 2658, Stats. (1898). Since the facts did not so appear the proper course was to raise the question by the

reply. Sec. 2660, Stats. (1898). That section provides that "when any of the objections to a counterclaim mentioned in sec. 2658 do not appear upon the face of the answer the objection may be taken by reply. If not so taken, either by demurrer or reply, the plaintiff shall be deemed to have waived the same," except as to some objections not material to be considered here.

Want of knowledge of the facts in time to set them forth in the reply in the first instance might be good ground for allowing an amendment upon the facts being disclosed, if seasonably applied for, but there was no application for leave to amend here. We see no escape from the conclusion that defendant's motion for judgment for the balance between the amount found due on the note and the amount of the damages assessed in defendant's favor should have been granted.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in the defendant's favor in accordance with this opinion.